## Case No. 10,045.

### In re NATIONAL IRON CO.

[8 N. B. R. 422; [1] 10 Phila. 274; 30 Leg. Int. 272; 20 Pittsb. Leg. J. 208.]

District Court, W. D. Pennsylvania. Aug. 13, 1873.

BANKRUPTCY—SALE BY ORDER OF COURT—LIENS —RECORDED MORTGAGES.

When the interests of all parties seem to demand it, the court is authorized to direct the assignee to sell the real estate of a bankrupt corporation free from all liens, except the existing and recorded mortgages.

In the case of the National Iron Company of Danville, Pa., Col. A. K. McClure, on behalf of A. H. Dill, Esq., assignee, presented a petition for an order of sale of the property, consisting of two furnaces, rolling mills and other real estate at Danville. Hon. H. B. Swope, representing creditors unsecured, to the amount of fifty-eight thousand dollars, and the president of the company, moved the court to dismiss the petition that the assignee might go on and sell under his general powers, subject to the encumbrances, there being mortgages to the amount of seven hundred and fifty thousand dollars, not due for twenty years to come, and it being manifest that a purchaser would give more for the property, if he could avail himself of the long payment on the mortgages than if he had to pay all cash at once on a sale divested of liens. Hon. Samuel Linn, of Williamsport, who represented a mortgage of two hundred and fifty thousand dollars, argued in support of the motion to dismiss. Mr. Grier, of Danville, representing unsecured and judgment creditors to the amount of some one hundred and forty thousand dollars, argued against the motion, and argued a sale divested of all liens, &c. John C. Bullett, Esq., of Philadelphia, representing a mortgage of five hundred thousand dollars, and other interests argued in support of the motion to dismiss. Mr. Stoner, of Pittsburgh, who appeared for certain bondholders, urged a sale subject to the existing liens. The argument was concluded by Col. McClure, for the assignee, who stated that the petition had been presented to relieve the assignee from responsibility, but that he was of opinion the property would bring the most money, if sold subject to the encumbrances.

McCANDLESS, District Judge. Although the petition in this case prays for an order of sale, it has been treated at the argument more as advisory of the assignee than an application for the sale of the property. The estate is largely encumbered with both judgments and mortgages, all of the former subsequent in date to the latter. It is moved to dismiss the petition that the property may be sold by the assignee under his general

[1] [Reprinted from 8 N. B. R. 422, by permission.]

powers, subject to existing legal liens and encumbrances. It is further moved to order a sale discharged of all liens except those given for security of the purchase money. We are not inclined to favor either of these propositions in the shape in which they are presented. The property should be sold for the purpose of paying the debts of the corporation. The proper inquiry for both the assignee and the court is, on what terms will it bring most for the creditors? It is conceded that the lien for the purchase money should be protected. Why should not also the security given for the bond of the company in the hands of innocent holders? The judgment creditors dealt with them on the faith of the corporation, and with recorded mortgages staring them in the face. What equity can they claim over the mortgage creditors? As to the validity of the five hundred thousand dollar mortgage, which has been impugned at the argument, this is not the stage of the case at which to attack it, nor the proper mode of attack. It can be assailed, if it be vulnerable, at another time, and before the proper forum. As presented now it is a valid lien, and entitled to the protection of the court.

Entertaining these views, the motion to dismiss the petition is refused, as also to sell discharged of all liens except the purchase money, and upon application the court will order a sale by the assignee, discharged of all liens and encumbrances, excepting the existing and recorded mortgages.

[Now, August 13, 1873, on motion of H. B. Swope, solicitor of the assignee, it is ordered that the assignee sell at public or private sale, as he may deem most advantageous to the creditors, the property described in his petition, divested of all judgments and liens except the three recorded mortgages (being the mortgages for $250,000, $500,000, and $8,000, respectively): sale to be made on due notice, in accordance with the rules of the court.][2]